[Cite as *State v. Scott*, 2020-Ohio-6878.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                  :

                                             No. 19AP-714

v.                                                     :                 (C.P.C. No. 18CR-5973)

Roger L. Scott,                                        :                 (REGULAR CALENDAR)

      Defendant-Appellant.               :

---

D E C I S I O N

Rendered on December 24, 2020

---

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Daniel J. Stanley*, for appellee. **Argued:** *Daniel J. Stanley.*

**On brief**: *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Roger L. Scott, appeals the judgment of the Franklin County Court of Common Pleas finding him guilty of Failure to Provide Notice of Change of Address and Failure to Register, both felonies of the third degree.

{¶ 2} The court held a bench trial after Scott formally waived his right to a jury trial, and stipulated both that he was convicted of a felony sex offense in 1993 and that he was found to be a sexual predator under Ohio's former law in 2000. Evidence at his trial was presented by two witnesses, both of whom were Franklin County Sheriff's Deputies in the sex offender registration unit. Prior to trial, Scott's attorney summarized the factual questions for the court to decide as "whether or not when Mr. Scott registered in September

No. 19AP-714

or [on October 4, 2018] whether or not he moved at some point. So it's the defense's position that the State has insufficient evidence to prove that he changed or moved his address * * *." (Sept. 9, 2019 Tr. Vol I. at 9.)

{¶ 3} Scott was homeless during that period, and registered his address with the sex offender registration unit on October 4, 2018 as "homeless A/O 61 East Mound St, Columbus, OH 43215 (Home)." *Id.* at 22; State's Ex. 5. That location is St. John's Church in downtown Columbus, and both deputies testified that Scott and several other registered offenders have used the area and nearby parking lots around St. John's as their registration address. (Tr. at 30 and 35-37.) The deputy whom Scott registered with testified that Scott had identified his usual location on a copy of a Google Maps aerial image of the general area around the church when he registered, and that he signed a copy of that map image. *Id.* at 24; State's Ex. 7.

{¶ 4} The other deputy who testified conducts address verification checks for homeless registrants, and stated that he "drive[s] to the specific spot, gets out of the car, [and] walk[s] around." *Id.* at 36. He testified that, based on his records, he attempted to verify Scott's address in the area of 61 East Mound St. 52 times between September 18 and November 29, 2018, but that he "never verified him at the address." *Id.* at 44. A significant number of the verification checks were prior to 6 a.m., a few of them were after 11 p.m., one was at 12:30 a.m., and one was at 4:20 a.m. *See* State's Ex. 6. Neither deputy had asked any other people about Scott's whereabouts or residence, neither testified that his employer was called, and neither testified that they asked anyone volunteering or working at St. John's whether Scott had been seen in the area. No evidence was presented of Scott residing at another location.

No. 19AP-714

{¶ 5} At the conclusion of the state's case, the trial court overruled Scott's Crim.R. 29 motion for judgment of acquittal based on insufficient evidence. Scott did not put on any evidence or witnesses, and the court subsequently found Scott guilty of both Failure to Provide Notice of Change of Address and Failure to Register (Sept. 18, 2019 Tr. Vol. II at 77-78.) The court sentenced Scott to a period of 2 years of risk-reduction community control, and warned him that he would receive concurrent sentences of 36 months on each charge if he violated the terms of his community control sanctions. Scott now asserts a single assignment of error with the trial court's judgment:

> The trial court erred and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One Section Ten of the Ohio Constitution by finding him guilty of failure to provide notice of change of address and failure to register as those verdicts were not supported by sufficient evidence and were also against the manifest weight of the evidence.

{¶ 6} "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261 (1978), syllabus. The *Bridgeman* Crim.R. 29(A) standard is essentially identical to the standard for "sufficiency of the evidence" announced in *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus and "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, following *Jackson v. Virginia*, 443 U.S. 307 (1979). A conviction based upon legally insufficient evidence is a denial of due process, and if Scott's claim that he was convicted upon insufficient evidence succeeds, the state is barred from retrying him.

No. 19AP-714

(Internal citations omitted). *See, e.g., State v. Sexton*, 10th Dist. No. 01AP-398, 2002-Ohio-3617, ¶ 30.

{¶ 7}   R.C. Chapter 2950 contains the registration and address change notification requirements at issue in this case. As noted above, Scott stipulated to his status as a registered sexual offender, and he was therefore required to register and keep his address current with the county sheriff pursuant to the provisions of that Chapter. As a result, the parties narrowed the issues both at trial and on appeal to two straightforward factual questions: (1) whether Scott failed to register his actual address with the county sheriff as required by R.C. 2950.04(C)(4) when he completed his registration form on October 4, 2018, and (2) whether Scott failed to provide 20 days advance written notice of his intent to change address pursuant to R.C. 2950.05(A). But because the two deputies testified that on October 4, 2018 that Scott provided written verification to the sheriff's office that he lived in the area around 61 East Mound St. both before and after that date, and because testimony was presented to show that deputies made 13 attempts to locate Scott at and around that address prior to October 4 and 39 attempts to locate him there on or after that date, the trial court correctly denied Scott's Crim.R. 29 motion, and his claim of insufficient evidence fails as to both charges. Moreover, because Scott's contention that he was convicted in violation of his right to due process under the state and federal constitutions directly derives from his claim that he was convicted on insufficient evidence, *see, e.g., Sexton*, that argument also lacks merit.

{¶ 8}   Scott also argues that his convictions were against the manifest weight of the evidence. Determinations of credibility and weight of the testimony are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The jury, or the court in a bench trial, may take note of inconsistencies at trial and resolve them

No. 19AP-714

accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67 (1964). Therefore, "[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), *superseded by constitutional amendment on other grounds*, and *quoting Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court considering a manifest weight challenge "may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387. Appellate courts should reverse a conviction as being against the manifest weight of the evidence only in the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 9} We have thoroughly reviewed the record, and it simply cannot be said that this is the exceptional case justifying a reversal based upon the weight of the evidence. As noted above, deputies attempted to locate Scott at and around his October 4, 2018 registration address 52 times between September 18 and November 29, 2018, but were unable to locate him at any point. Scott did not offer any evidence to contradict their testimony; instead, the arguments against the verdict in this case largely boil down to whether the deputies did enough to demonstrate that Scott was not actually residing at the

No. 19AP-714

place at which he was registered. As a result, we conclude that Scott's manifest weight claim must fail.

{¶ 10}  For all these reasons, we overrule Scott's single assignment of error, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

————————————